IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PETER N. NGATIA,

  Plaintiff,

    v.

             CIVIL NO.: WDQ-14-0899

DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONAL SERVICES,
*et al.*,

  Defendants.

  *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

Peter N. Ngatia, *pro se*, sued the Department of Public

Safety and Correctional services, the Jessup Correctional

Institution (collectively, "the State Defendants), and the

American Federation of State, County and Municipal Employees

("AFSCME")[1] for discrimination, in violation of Title VII of the

Civil Rights Act of 1964 ("Title VII"),[2] and other claims.  On

March 4, 2015, the Court entered summary judgment for the State

Defendants and dismissed the complaint against AFSCME.  ECF Nos.

46-47.  Pending are the Plaintiff's three motions for

---

[1] AFSCME was the union that represented the Plaintiff through his
disciplinary process.

[2] 42 U.S.C. §§ 2000e, *et seq.*

reconsideration[3] and two motions to compel discovery. For the
following reasons, the motions will be denied.

I. Background

The Plaintiff is a naturalized American citizen from Kenya.
ECF No. 17 at 3. On December 6, 2010, the Plaintiff began
working for the Maryland Department of Public Safety and
Correctional Services ("DPSCS") as a corrections officer ("CO").
*Id.* In 2011, the Plaintiff was assigned to the Jessup
Correctional Institution ("JCI").[4] *Id.*

On September 19, 2011, there was a physical altercation at
JCI between inmates and prison personnel. *See* ECF No. 46 at 3-
4. After an investigation into the incident, the Plaintiff
received a suspension without pay, while other correctional

---

[3] Only the Plaintiff's first motion is captioned as a motion for
reconsideration. ECF No. 48. The Plaintiff's second motion is
captioned "motion to state a claim," and contains factual
information about the Plaintiff's medical issues following his
termination. ECF No. 53. The Plaintiff's last motion is
captioned "motion consolidating pleading for reconsideration."
ECF No. 59. Because the Court dismissed all of the Plaintiff's
claims with prejudice, the Court will construe the latter two
motions as motions for reconsideration.

Even if the Court were to consider the "motion to state a
claim" as a motion to file an amended complaint, amendment would
be futile because the Plaintiff has provided no facts that would
alter the analysis in the Court's prior opinion.

[4] The Plaintiff is currently assigned to the Maryland
Correctional Institution for Women. ECF No. 17 at 3.

officers were not punished. *Id.* at 5-9. On March 31, 2014, the Plaintiff sued the State Defendants and AFSCME for race, sex, and national origin discrimination and retaliation. ECF No. 1. He also asserted that the investigation violated due process. *Id.*

On March 4, 2015, the Court dismissed the Plaintiff's retaliation claim and all claims against AFSCME for lack of subject matter jurisdiction because the Plaintiff failed to exhaust administrative remedies. *See* ECF No. 46 at 19-23. The Court granted summary judgment for the State Defendants on the remaining claims because the Plaintiff had failed to show that the State Defendants acted with discriminatory animus, and the Plaintiff was given notice and opportunity to be heard which fulfilled due process. *See id.* at 27-30.

On March 25, 2015, the Plaintiff moved for reconsideration.[5] ECF No. 48. On April 27, 2015, the Plaintiff filed a "motion to state a claim." ECF No. 53. On June 1 and July 14, 2015, the Plaintiff filed motions to compel discovery. ECF Nos. 55, 57. On August 14, 2015, the Plaintiff moved to "consolidate pleading for motion for reconsideration." ECF No. 60.

---

[5] On April 13, 2015, the State Defendants opposed the motion. ECF No. 51.

II. Analysis

A. Legal Standards

The Federal Rules of Civil Procedure do not recognize a
motion for reconsideration. *Auto Services Co. v. KPMG, LLP,* 537
F.3d 853, 855 (8th Cir. 2008).[6]  A party may move to alter or
amend a judgment under Rule 59(e), or for relief from a judgment
or order under Rule 60(b). *See* Fed. R. Civ. P. 59 (e), 60 (b).
A motion to alter or amend filed within 28 days of the judgment
is analyzed under Rule 59(e); if the motion is filed later, Rule
60(b) controls. *See* Fed. R. Civ. P. 59 (e); *MLC Auto., LLC v.
Town of S. Pines,* 532 F.3d 269, 280 (4th Cir. 2008); *In re
Burnley,* 988 F.2d. 1, 2-3 (4th Cir. 1992). Because the
Plaintiff's first motion for reconsideration was filed on March
25, 2015, Rule 59(e) governs.  The Plaintiff's other two motions
are governed by Rule 60(b).

Under Federal Rule of Civil Procedure Rule 59(e), the Court
will grant a motion to alter or amend an earlier judgment "(1)
to accommodate an intervening change in controlling law; (2) to
account for new evidence not available at trial; or (3) to

_____

[6] *But see* Local Rule 105.10 (D.Md.2014) ("Except as otherwise
provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to
reconsider issued by the Court shall be filed with the clerk not
later than fourteen (14) days after entry of the order.").

correct a clear error of law or prevent manifest injustice."
*Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th
Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5,
128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008); *Hill v. Braxton*, 277
F.3d 701, 708 (4th Cir. 2002). Rule 59(e) allows the district
court to correct its errors and thereby avoid burdening the
parties and appellate courts with unnecessary appellate
proceedings. *Pac. Ins.*, 148 F.3d at 403 (*citing Russell v.
Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.
1995)). "Rule 59(e) motions may not be used, however, to raise
arguments which could have been raised prior to the issuance of
the judgment, nor may they be used to argue a case under a novel
legal theory that the party had the ability to address in the
first instance." *Id.*; *see also Projects Mgmt. Co. v. DynCorp
Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) ("Important-
ly, however, a Rule 59(e) motion for reconsideration may not be
used to 'reargue[] the facts and law originally argued in the
parties' briefs.'") (quoting *United States v. Smithfield Foods,
Inc.*, 969 F.Supp. 975, 977 (E.D. Va. 1997)). "In other words, a
motion for reconsideration under Rule 59(e) is inappropriate if
it asks the court to 'reevaluate the basis upon which it made a
prior ruling' or 'merely seeks to reargue a previous claim.'"

*Projects Mgmt. Co.*, 17 F. Supp. 3d at 541 (quoting *Smithfield Foods,* 969 F.Supp. at 977). A party's disagreement with the Court's decision is also not a basis for granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).[7]

Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram,* 652 F.3d 496, 500 & n. 3 (4th Cir. 2011).[8] However, when a Rule 60(b) "motion does not raise new arguments, but merely urges the

---

[7] *See also Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001). ("When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized."); *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002).

[8] Ordinarily, in Rule 60(b) actions, the movant must make a threshold showing of all the following: "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs.*, 305 F. App'x 987, 988 (4th Cir. 2009) (*quoting Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). However, these requirements do not apply when the movant asserts that the judgment is void under Rule 60(b)(4). *Girardi v. Heep*, 203 F.3d 820, at *2 (4th Cir. 1999); *Campbell v. Beane*, CIV.A. 2:08-1102, 2012 WL 2998576, at *2 (S.D.W. Va. July 23, 2012) (*citing* 11 Wright and Miller, *Federal Practice & Procedure*, § 2862 (2d ed.)).

court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) *aff'd,* 86 F. App'x 665 (4th Cir. 2004) (*quoting United States v. Williams,* 674 F.2d 310, 312 (4th Cir. 1982)).

B. The Plaintiff's First Motion for Reconsideration

The Plaintiff's motion fails to offer any reasoning for why the Court should reconsider its prior Order. In fact, the Plaintiff fails to address the Rule 59(e) standard. *See* ECF No. 48.

The Plaintiff's motion merely restates his arguments from his opposition to the State Defendants' motion to dismiss. In the end, the Plaintiff "merely seeks to reargue a previous claim." *Smithfield Foods,* 969 F. Supp. at 977. As previously stated, a party's disagreement with the Court's decision is also not a basis for granting a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1082; *see also Pritchard*, 3 F. App'x at 53 ("When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.").

Accordingly, the Plaintiff's first motion for reconsideration must be denied.

C. The Plaintiff's Other Motions for Reconsideration

The Plaintiff's second and third motions for reconsideration contain new factual allegations in addition to his summary of his past arguments. For example, in his "motion to state a claim," the Plaintiff details the many health problems that have allegedly resulted from the State Defendants' conduct. ECF No. 53 at 2-5. However, there are no facts that would alter the Court's prior analysis.

Even if the Plaintiff had provided some fact that altered the Court's analysis, he has not made a showing of "mistake, inadvertence, surprise, or excusable neglect" or that any of the evidence is "newly discovered," as required by Rule 60(b). All of the facts in the two latter motions for reconsideration have been available to the Plaintiff throughout the litigation. Furthermore, the Plaintiff has failed to make the threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale*, 305 F. App'x at 988 (*quoting Dowell*, 993 F.2d at 48).

In this case, the Plaintiff's motions "do[] not raise new arguments, but merely urge[] the court to 'change its mind.'" *Medlock*, 336 F. Supp. 2d at 470 (*quoting Williams*, 674 F.2d at

312). Accordingly, relief is not authorized, and the Court will deny the motions for reconsideration.[9]

III. Conclusion

For the reasons stated above, the Plaintiff's motions for reconsideration and to compel discovery will be denied.

_11/12/15_
Date

William D. Quarles, Jr.
United States District Judge

---

[9] Because the Court is denying all three motions for reconsideration and the case remains closed, the Plaintiff has no right to discovery from the State Defendants. Accordingly, the Court will deny the Plaintiff's two motions to compel discovery.